CERTIFICATION OF ORDER REQUIRING IMMEDIATE RESOLUTION BY THE SUPREME COURT
EN BANC
PER CURIAM.
Appellant Mariama M. Changamire Shaw seeks review of a circuit court order dismissing her amended petition for dissolution of marriage, and Appellee Keiba Lynn Shaw has filed a notice of cross-appeal of that order. Appellant and Ap-pellee are same-sex partners who married in Massachusetts in 2010 and subsequently relocated to Florida. The couple separated in October 2013, and Appellant filed for divorce in Florida in January 2014. The parties voluntarily entered into a collabo *978 rative marital settlement agreement in March 2014, and Appellant filed an amended petition for dissolution seeking to have the agreement incorporated into a final judgment of dissolution. Citing Florida law that expressly provides that same-sex marriages will not be recognized in Florida,[1] the circuit court dismissed the petition for lack of “jurisdiction to dissolve that which does not exist under law.”
Shortly after Appellant filed the notice of appeal, she filed a suggestion to certify the case as requiring immediate resolution by the Florida Supreme Court. See Fla. R. App. P. 9.125. Appellant asserted that in addition to challenging the circuit court’s determination that Florida law prohibits the dissolution of same-sex marriages sanctioned by other states, the appeal challenges the circuit court’s rejection of her constitutionality challenge to that law. Appellee filed a response agreeing that the appeal required immediate resolution and a cross-suggestion to certify the case pursuant to rule 9.125. Appellee asserted that petitions for dissolution of same-sex marriages are being unevenly adjudicated around the State of Florida. On June 26, 2014, a panel of this court entered an order denying the suggestion and cross-suggestion to pass the case through to the supreme court for immediate resolution.
In the meantime, the Broward County Circuit Court issued an order granting a motion for declaratory judgment in a same-sex divorce case and ruling that Florida’s same-sex marriage bans are unconstitutional. See In re Marriage of Heather Brassner, 21 Fla. L. Weekly Supp. 920a (Fla. 17th Cir. Ct. August 4, 2014). The circuit court stayed execution of that judgment pending the outcome of the likely appeals of two other Florida circuit court cases involving similar issues. Id.; see also Pareto v. Ruvin, 21 Fla. L. Weekly Supp. 899a (Fla. 11th Cir. Ct. July 25, 2014) (declaring Florida’s same-sex marriage bans unconstitutional in a suit filed by several same-sex couples who were denied marriage licenses in Miami-Dade County), appeal docketed sub nom. State v. Pareto, No. 3D14-1816; Huntsman v. Heavilin, 21 Fla. L. Weekly Supp. 916a (Fla. 16th Cir. Ct. July 17, 2014) (declaring Florida’s same-sex marriage bans unconstitutional in a suit filed by a same-sex couple who was denied a marriage license in Monroe County), appeal docketed sub nom. State v. Huntsman, No. 3D14-1783.
In another development, the Family Law Section of the Florida Bar and the Florida Chapter of the American Academy of Matrimonial Lawyers filed a motion seeking leave to file an amicus curiae brief in this appeal. See Fla. R. App. P. 9.370. These amici curiae assert that the circuit court’s ruling denies access to Florida courts to same-sex couples validly married in other states but living in Florida. They seek to file an amicus brief “as a matter of family and matrimonial lawyers seeking finality and certainty in their area of practice, and to promote and protect the rights of all Floridians equally to access our court system and to rely upon the legal rights and obligations of civil marriage.”
On August 14, 2014, this court on its own motion determined that the question of whether to pass the case through to the supreme court for immediate resolution should be considered en banc. See Fla. R. App. P. 9.331(a). We conclude that certification is appropriate on our own motion pursuant to rule 9.125(a). We therefore certify that the order on appeal requires immediate resolution by the Florida Supreme Court because the issues pending *979 are of great public importance and will have a great effect on the proper administration of justice throughout the state.
Although the dissent correctly notes that the district courts of appeal are capable of resolving constitutional questions, the dissent oversimplifies the issue in this case and underestimates its public importance and the effect that delay will have on the proper administration of justice. The issue presented to the circuit court was not solely an analysis of whether the Full Faith and Credit Clause of the United States Constitution requires giving recognition to the parties’ out-of-state marriage for the purposes of dissolution. The issue was whether Florida’s ban on same-sex marriage and the prohibition on recognizing such marriages unconstitutionally limits various constitutional guaranties including full faith and credit, access to courts, equal protection, and the right to travel. This issue was extensively briefed and argued by the parties before the trial court, and the court rejected the argument and dismissed the petition for dissolution by relying on Florida’s ban on same-sex marriage and the constitutional and statutory prohibitions on giving recognition to such marriages. Furthermore, at least three other Florida courts have recently issued conflicting decisions concluding that Florida’s ban on same-sex marriage is unconstitutional, and appeals have been docketed in two of those cases.
As for the issue of immediacy, this is not simply a question of delay versus expeditious resolution of a solitary dissolution case. In typical dissolution cases the legal and factual issues have been resolved in the trial court, the marriages have been dissolved, custody and child support issues have been addressed, the marital assets and debts have been distributed, and alimony has been awarded. Generally, appellate review in such cases will not involve questions of constitutional magnitude. In this case the parties were not granted access to the courts and have not even begun the adjudication process including dissolution of the marriage or approval of their settlement agreement. Further, if the trial court’s ruling were to be upheld by this court, the parties’ only options to achieve dissolution would be to seek review by the Florida Supreme Court or to begin the lengthy process of establishing residency in a state that will exercise jurisdiction over a same-sex marriage. Others similarly situated would face the same challenge of establishing residence elsewhere. Should the district courts disagree, couples in different districts will receive disparate treatment until the issue is settled by the Florida Supreme Court. In any event, because of the constitutional implications the issue will likely be addressed by the Florida Supreme Court regardless of any decision we might make.
Resolution of the constitutional questions will no doubt impact far more individuals than the two involved here. And there can be little doubt that until the constitutional questions are finally resolved by the Florida Supreme Court or the United States Supreme Court, there will be a great impact on the proper administration of justice in Florida. Similarly, in light of those questions, it seems clear that this is a matter of great public importance.
CASANUEVA, SILBERMAN, KELLY, VILLANTI, WALLACE, KHOUZAM, CRENSHAW, MORRIS, BLACK, and SLEET, JJ.,[2] Concur.
ALTENBERND, J., Dissents with opinion in which DAVIS, C.J., and LaROSE, J., Concur.

. Article I, § 27, Fla. Const.; § 741.212(1), Fla. Stat. (2013).